IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-1648-WYD-OES

ERNEST N. BROWN,

Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS;
ROBERT A. HOOD, ADX Warden;
RICHARD D. DIENST, M.A.;
ROBERT L. DENNEY, Neuropsychologist;
STEPHEN J. KARTEN, Chief Psychologist;
P. R. MAGALETTA, Staff Psychologist;
DEBORAH G. SCHULT, Chief Psychologist;
LAUREN TOMPKINS, Staff Psychologist;
C. CIOETA, Staff Psychologist;
JONATHAN HAUGER, Staff Psychologist;
JILL ROTH, M.A.;
RONALD C. WELCH, Staff Psychologist;
DAVID G. WERTZ, Chief Psychologist;
DR. REWEY, Contract Psychiatrist;
MICHAEL MORRISON, Clinical Psychologist; and
C. TOMELLERI, Chief of Psychiatry;

Defendant(s).

## RECOMMENDATION FOR DISMISSAL

ENTERED BY U.S. MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  June 23, 2005

### INTRODUCTION AND SUMMARY OF RECOMMENDATION

Plaintiff is a prisoner with the Federal Bureau of Prisons.  He has filed two separate cases with this court, which have been assigned to different district judges: Brown v. Hood *et al*, #03-cv-1648-WYD-OES (#1648) and Brown v. Smallwood *et al*, #03-cv-PSF-OES (#1694).  Both cases assert various claims for relief against the defendants pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiff has sued different defendants with different claims in each of the cases. For that reason, I will address the cases with separate recommendations which overlap

only to the extent that the law and the outcomes are the same for both cases. I conclude that plaintiff has failed to fully exhaust in both cases, and I recommend that both of his cases be dismissed.

## BACKGROUND

I conducted a status conference in regard to both cases on April 1, 2005. Plaintiff was present by telephone, and Megan McDermott, who represents all of the defendants in both cases, was present for defendants. During the conference, Ms. McDermott alerted me to the fact that plaintiff had not exhausted his administrative remedies as to all of the defendants. In light of that fact, I ordered plaintiff to show cause as to why his cases should not be dismissed for his failure to demonstrate that he had fully exhausted his remedies.

Plaintiff submitted responses to my order. In #1648, his response was docketed on April 21, 2004. In #1694, his response was docketed on April 15, 2004. Plaintiff called his pleadings "Motions to Show Cause," but they effectively act as responses to my Order to Show Cause. Defendants submitted their responses to plaintiff's pleadings on May 11 and May 18, 2004, respectively.

## DISCUSSION

### 1

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), which covers claims that are brought "with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in jail, prison, or other correctional facility." See 42 U.S.C. § 2997e(a) (emphasis added). This exhaustion requirement is mandatory. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective."). The Supreme Court has stated, "[W]e stress the point . . . that we will not read futility or other exceptions into [the

PLRA's] statutory exhaustion requirement." Booth v. Churner, 532 U.S. 731, 741, n. 6 (2001).

The Bureau of Prisons ("BOP") has a three-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq.* Under this procedure, an inmate must first address his complaint to the Warden. 28 C.F.R. § 542.14. If the inmate feels the response is unsatisfactory, he or she may then appeal the complaint to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the result at that level, the inmate may then appeal to the Director, National Inmate Appeals, which is in the Office of the General Counsel in Washington, D.C. Id. Generally, an inmate has not exhausted his remedies until he has sought review at all three levels. Id. However, "[i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or wella-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate regional Director." 28 C.F.R. § 542.14.

The Tenth Circuit has stated emphatically that "the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003); *see also*, Brice v. Day, 604 F.2d 664, 666-67 (10th Cir. 1979), *abrogated on other grounds by* McCarthy v. Madigan, 503 U.S. 140 (1992) (holding that inmate must follow the grievance procedure prior to filing suit in federal court in order to possibly resolve issues, reduce court intrusion into prison administrations, and provide some fact-finding to provide the court with a starting place for understanding and resolving the matter). The exhaustion requirement is mandatory, and it exists regardless of whether the suit involves "general circumstances or particular episodes," Porter v. Nussle, 534 U.S. 516, 532 (2002), or whether the available remedies appear able to provide the relief sought. Booth v. Churner, 532 U.S. at 741.

The burden is upon the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a).  Steele v. Fed. Bureau of Prisons, 355 F.3d at 1209-10.  "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief can be granted.'" Id. at 1209 (*quoting* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

To successfully allege exhaustion, a "prisoner must: (1) plead his claims with "a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed.R.Civ.P. 8(a)(2); and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Id. (*quoting* Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  In order to exhaust, the inmate is required to see the grievance process through to its conclusion; the doctrine of substantial compliance does not apply; and there is no exception for when the inmate fails to cure a procedural deficiency or neglects to empoloy available internal processes before the time expires for pursuing them.  Jernigan v. Stuchell, 304 F.3d 1030, 1032-33 (10th Cir. 2002).

A "mixed complaint" from an inmate contains claims that are both exhausted as well as claims that are not exhausted.  In those circumstances, the Tenth Circuit directs the courts to dismiss the entire case, but without prejudice.  Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004) (holding that the policies of the PLRA "point toward a requirement of total exhaustion").

**2**

In this case, plaintiff has sued the BOP and 15 individual officers or medical personnel.  He generally complains that defendants were deliberately indifferent to his rights to receive medical treatment.

In his "Motion to Show Cause," plaintiff admits that he has not fully exhausted his administrative remedies with regard to each defendant.  Plaintiff states:

4

> Plaintiff cannot provide the above-mentioned documentation for "each" defendant. However, Plaintiff has attached administrative remedies that he has exhausted pertaining to some defendants in this case [referencing his Ex's 1 - 4]. In view of these administrative remedies, plaintiff did put the Federal Bureau of Prisons . . . on notice of the failure to treat claim raised in his complaint.
>
> But this case is an anomaly and should be held to an atypical standard because (1) the violations alleged occurred over a lengthy period of time before the law regarding administrative exhaustion was settled, and (2) because of the protracted period of time before plaintiff understood his rights were, and still are, being violated.

Pltf's Mtn to Show Cause at 2.

First, the grievances that are identified by plaintiff in his Motion to Show Cause identify only three of the fifteen individually-named defendants. His grievances say nothing with regard to the remaining twelve. Plaintiff clearly did not exhaust his remedies with regard to all of the defendants that he named. Because he has not exhausted with regard to all of his claims, his lawsuit presents a "mixed complaint."

Second, the case law discussed above does not carve out any exceptions for cases that inmates believe to be anomalous or "atypical." Plaintiff is required to pursue his administrative remedies for all claims *regardless* of when he first learns of the existence of the claims, which he admittedly has failed to do.

Third, the law with regard to exhaustion was well-settled when plaintiff filed his complaint in this case. As noted by defendants, plaintiff has offered no legal support for his suggestion that he should be relieved of the obligation to exhaust because the case law was "unsettled" at the time that his rights allegedly were being abused. On the contrary, the Tenth Circuit has applied its recent interpretations of the requirements of the PLRA to cases that were pending before the interpretation was announced. *See, e.g.,* Beaudry v. Correction Corps of Am., 331 F.3d 1164, 1166-67 (10th Cir. 2003) (applying retroactively Supreme Court decision in Rose v. Lundy, 455 U.S. 509, 510 (1982)); Ross, 365 F.3d at 1188-89 (*applying holding in* Graves v. Norris, 218 F.3d 884,

5

885 (8th Cir. 2000).

For all of the above reasons, plaintiff has failed to carry his burden to demonstrate that he exhausted his administrative remedies with regard to all of the claims that he has asserted in this case. Therefore, pursuant to the Tenth Circuit decision in the Ross case, plaintiff's complaint should be dismissed without prejudice.

## RECOMMENDATION

I **RECOMMEND** that District Judge Wiley Y. Daniel enter an Order of **DISMISSAL WITHOUT PREJUDICE** because plaintiff has failed to allege and show that he has totally exhausted his administrative remedies.

**ADVISEMENT TO PLAINTIFF:**  Plaintiff is entitled to seek review or reconsideration of my recommendation by filing an "objection" within ten days. Failure to file such an objection or appeal within ten days will result in the waiver by plaintiff of plaintiff's right to present such an objection to the district court judge. A complete advisement of plaintiff's right to appeal or object is attached to this Recommendation on a page which is entitled "Advisement Under Fed.R.Civ.P. 72."

Dated at Denver this day of June 23, 2005

BY THE COURT:

S/O. Edward Schlatter

_____
O. Edward Schlatter
U.S. Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).