IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-D-1648 (OES)

ERNEST N. BROWN,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
ROBERT A. HOOD, ADX Warden,
RICHARD D. DIENST, M.A.,
ROBERT L. DENNEY, Neuropsychologist,
STEPHEN J. KARTEN, Chief Psychologist,
P. R. MAGALETTA, Staff Psychologist,
DEBORAH G. SCHULT, Chief Psychologist,
LAUREN TOMPKINS, Staff Psychologist,
C. CIOETA, Staff Psychologist,
JONATHAN HAUGER, Staff Psychologist,
JILL ROTH, M.A.,
RONALD C. WELCH, Staff Psychologist,
DAVID G. WERTZ, Chief Psychologist,
DR. REWEY, Contract Psychiatrist,
MICHAEL MORRISON, Clinical Psychologist, and
C. TOMELLERI, Chief of Psychiatry,

    Defendant(s).

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court on Magistrate Judge Schlatter's Recommendation for Dismissal. Following a status conference on April 1, 2005, Magistrate Judge Schlatter issued an Order to Show Cause why this case should not be dismissed due to Plaintiff's failure to demonstrate that he had fully exhausted his administrative remedies. Plaintiff filed a Response to the Order to Show Cause on April 21, 2005.

Defendants submitted their response on May 11, 2005.  A Recommendation for Dismissal was issued on June 23, 2005, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).  Magistrate Judge Schlatter recommends therein that this Court enter an Order of Dismissal Without Prejudice because Plaintiff has failed to allege and show that he has totally exhausted his administrative remedies.  *See Recommendation* at 2-6.

Magistrate Judge Schlatter advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation.  *See* Advisement under FED. R. CIV. P. 72 attached to Recommendation.  Despite this advisement, no objections were filed to Magistrate Judge Schlatter's Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), which deals with claims brought by a prisoner involving prison conditions and states:

> No action shall be brought with respect to prison conditions

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

> under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Magistrate Judge Schlatter notes that the Bureau of Prisons has a three-tiered administrative procedure required for exhaustion that is codified at 28 C.F.R. § 542.10 *et seq*. Pursuant to this process, an inmate must first file a complaint with the warden, then file an appeal with the Regional Director, and finally file an appeal with the Director, National Inmate Appeals, in the Office of General Counsel in Washington, D.C. Generally, an inmate has not exhausted his remedies until he has sought review at all three levels. The Tenth Circuit has stated emphatically that "the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to court." *Stelle v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. Magistrate Judge Schlatter found that Plaintiff admitted in his Response to the Order to Show Cause that he has not fully exhausted his administrative remedies with regard to each Defendant in this case. I agree with Magistrate Judge Schlatter that Plaintiff has failed to allege and show that he has totally exhausted his administrative remedies, and that this matter should be Dismissed Without Prejudice. Accordingly, it is hereby

ORDERED that the Recommendation for Dismissal entered June 23, 2005, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that the within case is **DISMISSED WITHOUT PREJUDICE**, each party to pay their own costs and attorneys fees.

DATED this 20th day of July, 2005.

BY THE COURT:

s\ Wiley Y. Daniel
United States District Judge